UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARLA S.[1],

                                Plaintiff,

        v.                                           Case # 19-CV-1405-FPG
                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.


## INTRODUCTION

Plaintiff Carla S. brings this action pursuant to Titles II and XVI of the Social Security Act seeking review of the denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff protectively applied for DIB and SSI on June 3, 2015, alleging disability due to, as relevant here, spinal joint degenerative disease and a herniated disc. Tr.[2] 160, 173, 237, 258. After the Social Security Administration ("SSA") denied her application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 110-47. On January 30, 2018, the ALJ issued an unfavorable decision. Tr. 81-100. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court. ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 12. For the following reasons, Plaintiff's motion is GRANTED,

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify the plaintiff using only the first name and last initial.
[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I.    District Court Review

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citations omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.   Disability Standard

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's age, education, and work experience. *See Bowen v. City of New York*, 476 U.S.

2

467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I.       The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  Tr. 86.  At step two, the ALJ assessed Plaintiff with the severe impairments of spinal joint degenerative disc disease with herniation and obesity.  Tr. 87.  At step three, the ALJ found that none of Plaintiff's impairments met or medically equaled the criteria of any Listings impairment.  Tr. 90.  The ALJ then determined that Plaintiff retained the RFC to perform light work, except that she could only occasionally climb ramps and stairs and could never climb ladders, ropes, or scaffolds.  Tr. 91.  At step four, the ALJ found that Plaintiff could perform her past relevant work as a fast food worker.  Tr. 97.  At step five, alternatively, the ALJ found that Plaintiff could adjust to other work that exists in significant numbers in the national economy.  Tr. 98.  Accordingly, the ALJ found that Plaintiff was not disabled.  Tr. 99.

### II.      Analysis

Plaintiff argues that the ALJ's physical RFC determination was unsupported by substantial evidence because the ALJ did not rely on any medical opinions.  The Court agrees.[3]

The ALJ discussed the opinions of three sources for the relevant disability period: a physical therapist, Bryan Wickes, PT; a consultative examiner, Samuel Balderman, M.D.; and Plaintiff's treating physician's assistant, Rachel Walczyk[4], PA-C.

---

[3] The Court therefore does not reach Plaintiff's arguments regarding her mental limitations.
[4] This source is referred to in the record as both Rachel Kirsch and Rachel Walczyk.  This is the same practitioner; the former name is her maiden name and the latter is her married name.

PT Wickes did not truly render an opinion.  He reported some objective medical findings, but for his "assessment," he indicated that Plaintiff's evaluation was suspended due to acute condition.  The ALJ gave this "opinion" little weight.  Tr. 96

Dr. Balderman reported objective medical findings but failed to provide a function-by-function analysis.  His medical source statement merely stated that Plaintiff had "minimal physical limitations."  Tr. 514.  The ALJ gave his opinion little weight for the puzzling reason that "the record shows that the claimant is not as limited as opined."  Tr. 96.

Finally, PA-C Walczyk opined in April 2017 that Plaintiff could only lift and carry 10 pounds occasionally and 5 pounds frequently; stand and/or walk less than 2 hours per day; sit 2 hours per day; was limited in pushing and pulling in the upper and lower extremities; could not bend over; and needed to lie down or recline for 6 hours in an 8-hour period due to frequent flare-ups of pain and limited treatment options.  Tr. 682.  In May 2017, PA-C Walczyk opined that Plaintiff could sit for less than 15 minutes before needing to alternate positions to standing or walking about; could remain seated for less than 1 hour during an 8-hour workday; could stand and walk about 30 minutes before needing to alternate positions to sitting or lying down; could stand and walk a total of 2 hours in an 8-hour workday; needed time to rest (lying down or reclining in supine position or walking about) in addition to a morning break, lunch period, and an afternoon break scheduled at approximately 2-hour intervals; needed to rest lying down or reclining in a supine position 4 hours in an 8-hour workday; and could occasionally lift and carry 1 to 10 pounds. Tr. 599-602.

The ALJ gave little weight to PA-C Walczyk's opinions.  She noted that Walczyk was not an acceptable medical source, and she found Walczyk's opinion to be inconsistent with contemporaneous treatment records "reflect[ing] grossly normal musculoskeletal and neurological

findings upon examination with positive symptoms of limited mobility in the low back and neck" and with "the diagnostic evidence showing mild findings including herniation and degenerative joint disease." Tr. 96.[5]

Generally, an ALJ's RFC determination "must be supported by medical opinions." *Hayes v. Berryhill*, No. 17-CV-6354-FPG, 2018 U.S. Dist. LEXIS 104120, at *18 (W.D.N.Y. June 20, 2018). The RFC determination need not "perfectly correspond" with any one opinion, *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order), but "there must be some competent medical opinion guiding [the ALJ's] RFC determination." *Schultz v. Saul*, No. 18-CV-5919 (PKC), 2020 U.S. Dist. LEXIS 176915, at *16 (E.D.N.Y. Sept. 25, 2020) (citing *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)).

There are limited exceptions. A formal medical opinion or medical source statement may not be required where the claimant's "impairments are relatively simple and mild" such that the ALJ can render a common sense judgment about functional capacity," *Ippolito v. Comm'r of Soc. Sec.*, No. 1:18-CV-00403 EAW, 2019 U.S. Dist. LEXIS 140825, at *11 (W.D.N.Y. Aug. 19, 2019), or where "the record is clear and contains some useful assessment of the claimant's limitations from a medical source." *India Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 259 (W.D.N.Y. 2018) (citation omitted); *see also Keener v. Comm'r of Soc. Sec.*, No. 18-CV-00913-MJR, 2020 U.S. Dist. LEXIS 25193, at *17 (W.D.N.Y. Feb. 4, 2020). Neither exception applies here.

The Commissioner does not argue, and the Court does not find, that Plaintiff's impairments were so simple and mild that the ALJ could craft an RFC based on common sense. *See, e.g.*, *Agostino v. Comm'r of Soc. Sec.*, No. 18-CV-1391-FPG, 2020 U.S. Dist. LEXIS 3169, at *8

---

[5] It is not clear to the Court how "grossly normal" findings include "positive symptoms of limited mobility," or how "mild findings" include "herniation and degenerative joint disease."

(W.D.N.Y. Jan. 8, 2020) (holding that plaintiff's degenerative disc disease, arthritis, and obesity were not amenable to common sense RFC determination); *Dusharm v. Colvin*, No. 7:14-CV-1562 (GTS/WBC), 2016 U.S. Dist. LEXIS 43194, at *18 (N.D.N.Y. Mar. 31, 2016) (holding that plaintiff could not be deemed to have "relatively little" physical impairment where the ALJ already determined that her spinal degenerative disc disease was "severe").

Nor does the Court find that the record contained a useful assessment of Plaintiff's limitations—aside from PA-C Walczyk's rejected opinions, that is.  Under this exception, a formal opinion may not be needed where, for example, "the ALJ has a number of functional assessments from consultative examiners and some form of functional assessment from a treating source even if there is no formal RFC assessment in the record," or where "the ALJ rejects the medical opinion evidence in the record, but the RFC formulation is supported by substantial evidence of functional capacity in contemporaneous treatment notes."  *Newton v. Berryhill*, No. 3:18-cv-1244 (MPS), 2019 U.S. Dist. LEXIS 164804, at *4-5 (D. Conn. Sept. 26, 2019) (internal citations, quotation marks, and brackets omitted).

Here, the ALJ rejected all of the opinion evidence, and she did not base her RFC determination on any functional assessments found in the opining sources' treatment notes. Instead, she formulated Plaintiff's RFC on her interpretation of the raw medical findings, Plaintiff's work history, treatment history, and activities of daily living.  Tr. 92-96.  This was error. *See Gati v. Comm'r of Soc. Sec.*, No. 1:18-cv-1223-DB, 2020 U.S. Dist. LEXIS 41534, at *12 (W.D.N.Y. Mar. 10, 2020) (remanding where ALJ "seem[ed] to have based his RFC primarily on Plaintiff's activities" and it was "apparent that the ALJ did not rely on any medical source opinions in arriving at an RFC"); *Murray v. Comm'r of Soc. Sec.*, No. 18-CV-326P, 2019 U.S. Dist. LEXIS 154159, at *6 (W.D.N.Y. Sep. 10, 2019) ("Where the medical findings in the record merely

diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, as a general rule, the Commissioner may not make the connection himself." (citation, internal quotation marks, and brackets omitted)); *Spivey v. Comm'r of Soc. Sec.*, 338 F. Supp. 3d 122, 128 (W.D.N.Y. 2018) ("The ALJ's method for determining Plaintiff's RFC was inappropriate based on the medical information in the record. Where the record primarily discusses a plaintiff's impairments, symptoms, and treatment, but does not shed light on the plaintiff's physical limitations, the ALJ may not rely on the record in determining the plaintiff's RFC."); *Baird v. Berryhill*, No. 16-CV-355-LJV-MJR, 2018 U.S. Dist. LEXIS 60133, at *18 (W.D.N.Y. Mar. 2, 2018) (remanding where ALJ rejected all three opinions and assessed plaintiff's "RFC based upon the clinical findings in the record as well as [his] educational and work history, subjective complaints, and daily activities").

Without any opinion evidence to rely on, the ALJ appears to have interpreted the raw medical findings and used her own lay judgment to craft Plaintiff's RFC. In doing so, she erred both procedurally and substantively.

Procedurally, an ALJ is not a medical professional and "[i]t is well settled that judges are 'not allowed to play doctor by using their own lay opinions to fill evidentiary gaps in the record.'" *McGlothin v. Berryhill,* No. 1:17-CV-00776-MAT, 2019 WL 1499140, at *5 (W.D.N.Y. Apr. 4, 2019) (quoting *Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010)).

Substantively, the ALJ's RFC is not even supported by the medical findings. For example, the ALJ felt that a light work RFC was appropriate due to the "grossly normal musculoskeletal and neurological findings on examination." Tr. 96. But the findings were not grossly normal. For instance, Plaintiff's treating physician, Michael Cicchetti, M.D., noted that Plaintiff's lumbar MRI showed "a small central L5-S1 disc herniation and this probably explains the majority of her back

7

pain and radicular symptoms." Tr. 459. But because there was no nerve root impingement and Plaintiff had not responded to steroid injections, Dr. Cicchetti thought "her best option to be able to return to would" would be "pharmacologic pain management." Tr. 459. He also noted that it would be "very difficult to try to alleviate [Plaintiff's] pain with basic conservative treatment such as physical therapy and medications." Tr. 465. Imaging also showed "moderately extensive" bilateral degenerative joint disease. Tr. 469. Additionally, during some examinations, Plaintiff was found to have a reduced range of motion with pain, an abnormal gait, lumbar spine tenderness, and abnormal Achilles and patellar deep tendon reflexes. *See, e.g.*, Tr. 463-64, 478, 514, 529-30, 533, 554-55, 568, 578, 607, 612, 621.

"Neither this Court nor the ALJ is empowered to make medical conclusions about a claimant's physical condition where, as here, [the] medical records are limited to bare medical findings about a complex physical impairment." *Englert v. Colvin*, No. 15-CV-564-FPG, 2016 U.S. Dist. LEXIS 89052, at *12 (W.D.N.Y. July 8, 2016); *see also Saunderson v. Comm'r of Soc. Sec.*, No. 18-CV-1242, 2020 U.S. Dist. LEXIS 36374, at *7-8 (W.D.N.Y. Mar. 3, 2020) (neither this Court nor the ALJ is qualified to interpret bare medical data). Here, "[i]t is unclear to the Court how the ALJ, who is not a medical professional, determined [Plaintiff's light work] RFC without a medical source statement or consultative examination report to assist her in correlating the medical treatment notes into an assessment of Plaintiff's physical capacity for work-related activities." *Anderson v. Comm'r of Soc. Sec.*, No. 19-CV-464-HBS, 2020 U.S. Dist. LEXIS 171150, at *10 (W.D.N.Y. Sep. 17, 2020) (citation omitted). Thus, remand is required.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 10, is GRANTED, the Commissioner's motion, ECF No. 12, is DENIED, and this matter is

REMANDED to the Commissioner for further administrative proceedings.  The Clerk of Court is

directed to enter judgment and close this case.

       IT IS SO ORDERED.

Dated: November 25, 2020
       Rochester, New York

_____

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court